UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JOHN MCDANIELS,

Plaintiff,

- against -

CAPIN ALEPANDR, 1340, CAPTAIN LUNA, Captin, 1314, and THE HOLE D.O.C.,

Defendants.
-----------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-2286 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff John McDaniels ("Plaintiff"), currently incarcerated on Rikers Island,[1] filed this *pro se* action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York on February 11, 2019. (Complaint ("Compl."), Dkt. 2, at ECF[2] 1, 6.) The complaint names two individual Defendants, Capin Alepandr (Shield Number 1340) and Captain Luna (Shield Number 1314) (collectively, "the Individual Defendants"), and one institutional Defendant, "The Hole D.O.C."[3] (*Id.* at ECF 1, 3.) On April 10, 2019, the Honorable Colleen

---

[1] According to the New York State Unified Court System's website, Plaintiff's state court criminal proceeding is ongoing, meaning that Plaintiff is currently being held in pre-trial detention. *See* https://iapps.courts.state.ny.us/webcrim_attorney/CaseIdentifierSearch (identifying Plaintiff's criminal proceeding through case number 02330-2017) (last visited Apr. 30, 2019). The Court may take judicial notice of this fact. *See Doe v. Nat'l Conference of Bar Exam'rs*, No. 16-CV-264 (PKC), 2017 WL 74715, at *9 n.17 (E.D.N.Y. Jan. 6, 2017) (taking judicial notice of information on the New York State Unified Court System's website).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The complaint states that the Individual Defendants both hold the job title "Captin" at the Brooklyn Detention Complex, located at 275 Atlantic Avenue, Brooklyn, New York. (Compl., Dkt. 2, at ECF 3.) Because the New York City Department of Correction ("the NYC DOC") operates the Brooklyn Detention Complex (*see* Transfer Order, Dkt. 3, at 2 n.2), the Court construes Plaintiff's reference to "The Hole D.O.C." to mean the *whole* Department of Correction, *i.e.*, the NYC DOC, and his reference to "Capin Alepandr" to mean Captain Alepandr.

McMahon ordered that the case be transferred to this Court in the interest of justice. (Transfer Order, Dkt. 3, at 3–4.) Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. (Dkt. 1, at ECF 1–2.) For the reasons stated below, the Court dismisses the complaint, but Plaintiff may file an amended complaint alleging facts to support his claims against the Individual Defendants within thirty (30) days of this Order.

**BACKGROUND**

Plaintiff alleges that he suffered from severe back pain during his detention at the Brooklyn Detention Complex, beginning on or about September 5, 2018. (Compl., Dkt. 2, at ECF 4.) Plaintiff alleges that he "put in for sick call for 3 weeks," but Defendants Alepandr and Luna did not take any action. (*Id.*) Plaintiff also complains that "the mattress[es] are so bad that I try everything to get it to work but it do not work at all." (*Id.*) For relief, Plaintiff seeks $9 million in damages.

**STANDARD OF REVIEW**

In civil actions where a prisoner-plaintiff seeks redress from a governmental entity or from officers or employees thereof, 28 U.S.C. § 1915A requires the Court to review the complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

**DISCUSSION**

Plaintiff brings his claims pursuant 42 U.S.C. § 1983, which provides remedies for the deprivation of federal constitutional rights. (Compl., Dkt. 2, at ECF 2.) In order to maintain an action under § 1983, a plaintiff must adequately allege two essential elements. First, "[t]he conduct at issue 'must have been committed by a person acting under color of state law.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, the conduct "'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell*, 13 F.3d at 547). Further, a plaintiff seeking to recover money damages under § 1983 must establish that the defendants were personally involved in the wrongdoing or misconduct at issue in the complaint. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (stating that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))).

In the caption of his complaint, Plaintiff names the NYC DOC as a Defendant in this action. (*See* Compl., Dkt. 2, at ECF 1. *But see id.* at ECF 3 (omitting reference to the NYC DOC as a Defendant).) However, Plaintiff cannot sue the NYC DOC because it is an agency of the City of New York. *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *1 n.1 (S.D.N.Y. Oct. 12, 2018) ("Because the [NYC] DOC is an agency of the City of New York, it is not amenable to suit.") Any suit against a City agency must be brought against the City of New York. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for

the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007).

Even though the City of New York is amenable to suit, a municipality can be liable under § 1983 only if a plaintiff is able to show that a municipal policy or custom caused the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *see also Cash v. Cty. of Erie*, 654 F.3d 324, 333–34 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury. A municipal policy may be pronounced or tacit and reflected in either action or inaction." (internal citations and quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

In this case, Plaintiff has not alleged any unconstitutional policy or custom attributable to the NYC DOC, the City of New York, or any municipal policymaker. Therefore, Plaintiff's § 1983 claims against the NYC DOC must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition to the NYC DOC, Plaintiff names two Individual Defendants, Captain Alepandr and Captain Luna. (Compl., Dkt. 2, at ECF 1, 3–4.) Plaintiff specifically alleges that Defendants Alepandr and Luna failed to respond to his requests for medical treatment. Because Plaintiff may sue individual correctional officers under § 1983 for actions that violate his constitutional rights,

*Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594 n.3 (S.D.N.Y. 2010), the Court assesses whether Plaintiff has successfully stated a claim against Defendants Alepandr and Luna.

The complaint's allegations are scant, but the Court understands them to challenge the conditions of Plaintiff's pre-trial confinement at the Brooklyn Detention Complex, advancing a claim that Defendants Alepandr and Luna were deliberately indifferent to Plaintiff's need for medical attention to his back pain. (*See* Compl., Dkt. 2, at ECF 4.) "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment . . . ." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a claim for deliberate indifference to medical needs in violation of the Fourteenth Amendment, "a plaintiff must plead facts 'showing [(1)] that [he] had a serious medical condition and [(2)] that it was met with deliberate indifference.'" *Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)).

To plead the first element, Plaintiff must plausibly allege that his medical condition is "objectively serious." *Iacovangelo v. Corr. Medical Care, Inc.*, 624 F. App'x 10, 13 (2d Cir. 2015). A medical condition may be objectively serious if it "significantly affects daily activities" or causes "chronic and substantial pain." *Washington v. Fludd*, No. 18-CV-1273 (JS) (SIL), 2019 WL 1643542, at *3 (E.D.N.Y. Apr. 16, 2019) (quoting *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)). "Severe back pain can, in some circumstances, qualify as a serious medical need." *Buffaloe v. Fein*, No. 12-CV 9469 (GBD) (AJP), 2013 WL 5815371, at *9 (S.D.N.Y. 2013); *see also Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (accepting neck and back pain as an objectively serious medical condition where the defendant did not dispute the seriousness of the plaintiff's pain). Liberally construing the complaint's allegation that Plaintiff "was having real, real, real bad back pains" (Compl., Dkt. 2, at ECF 4), the Court deems Plaintiff to have plausibly

alleged that he suffered from an "objectively serious medical condition." *Iacovangelo*, 624 F. App'x at 13. Thus, the complaint satisfies the first element to state a claim against Defendants Alepandr and Luna for deliberate indifference to Plaintiff's medical needs.

To plead the second element, Plaintiff must allege facts that would plausibly establish that "an objectively reasonable person in the [Individual Defendant's] position would have known, or should have known, that failing to [notify prison medical staff of Plaintiff's complaints] posed an excessive risk of harm" to Plaintiff. *Boston v. Suffolk Cty.*, 326 F. Supp. 3d 1, 22 (E.D.N.Y. 2018); *see also Darnell*, 849 F.3d at 35 (defining the second element of a claim for deliberate indifference to require that a defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [plaintiff] even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety").

Here, Plaintiff has not alleged sufficient facts that, assumed as true, would establish that the Individual Defendants failed to act with reasonable care to mitigate the risk of Plaintiff's back pain. Nor has Plaintiff alleged facts that would establish that the Individual Defendants knew or should have known that Plaintiff's back pain posed an excessive risk to his health.

With respect to Defendant Luna, Plaintiff alleges that Luna "was working the house I was in . . . and I was having real, real, real bad back pains and I put in for sick call for 3 weeks." (Compl., Dkt. 2, at ECF 4.) Similarly, with respect to Defendant Alepandr, Plaintiff alleges that Alepandr "was at the house working and I told him to[o] and [he] did not do anything about it." (*Id.*) These bare allegations establish only that Plaintiff told the Individual Defendants that he wished to be visited by prison medical staff, not that he informed them of his back pain. Even if the Court were to assume that Plaintiff means to allege that he told the Individual Defendants that

he wished to see prison medical staff about back pain, that allegation would not establish that Plaintiff informed the Individual Defendants about the severity of his symptoms. Thus, Plaintiff has not adequately alleged that the Individual Defendants were aware or should have been aware of Plaintiff's back pain, or that they knew or should have known that his back pain was severe enough to pose a significant risk to his health. Accordingly, the complaint fails to state a claim for deliberate indifference against the Individual Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons stated, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco*, 222 F.3d at 112, the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis to believe that the Individual Defendants failed to act with reasonable care even though they knew or should have known that Plaintiff's back pain posed an excessive risk to his health, *see Darnell*, 849 F.3d at 35, then he should include facts in his amended complaint that would support his belief, *i.e.*, he should specify the dates on which he spoke to the Individual Defendants about his back pain and detail what he said to the Individual Defendants and how they responded. All further proceedings shall be stayed for 30 days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 1, 2019
Brooklyn, New York